# EXHIBIT A

# STATE OF NORTH CAROLINA

File No. 19CV 3470

ROBESON County

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| Name Of Plaintiff |
| --- |
| Kimyatta Williams |

| Address |
| --- |
| c/o Attorney Ralph Bryant |

| City, State, Zip | | |
| --- | --- | --- |
| P.O. Box 723 Newport | NC | 28570 |

## VERSUS

| Name Of Defendant(s) |
| --- |
| Sanderson Farms, Inc.; |
| Ashley Hand |

## CIVIL SUMMONS
☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3, 4

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
| --- | --- |
| Sanderson Farms, Inc. | Ashley Hand |
| CT Corporation System | 2081 Sanderson Way |
| 160 Mine Lake Ct, Ste 200 | Kinston, NC 28504 |
| Raleigh, NC 27615 | (Sanderson Farms- Human Resources) |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | |
| --- | --- | --- | --- |
| Ralph T. Bryant, Jr., Attorney at Law | 12/10/19 | 2:37 | ☐ AM ☒ PM |
| P.O. Box 723 Newport N.C. 28570 | Signature | | |
| (252) 626-3267 | *amya b Penith* | | |
| ralphbryant@ralphbryantlawfirm.com | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time | |
| --- | --- | --- | --- |
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | | ☐ AM ☐ PM |
| | Signature | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

NORTH CAROLINA  
ROBESON COUNTY

GENERAL COURT OF JUSTICE  
SUPERIOR COURT DIVISION  
File No.:

**19CV 3470**

Kimyatta Williams,  
    Plaintiff;

vs.

Sanderson Farms, Inc.;  
Ashley Hand,  
    Defendants.

)  
)  
)  
)  
)  
-)---

**COMPLAINT**  
Wrongful Discharge  
Tortious Interference  
(Jury Trial Demanded)

THE PLAINTIFF, complaining of the acts of the defendants, alleges and says as follows;

1).     The plaintiff Kimyatta Williams is a citizen and resident of Lenoir County, North Carolina and was employed by the defendant Sanderson Farms, Inc. from November 16 2017 until March 6 2019.

2).     The defendant Sanderson Farms, Inc., hereinafter Sanderson Farms, is a foreign corporation organized under the laws of the State of Mississippi, with a principle place of business in various counties in North Carolina, to include Robeson County.

3).     The defendant Ashley Hand is a citizen and resident of North Carolina, Lenoir County.

4).     The plaintiff Williams was employed at the defendant Sanderson Farms' Kinston North Carolina processing plant.

5).     On October 16 2018 plaintiff was assigned to the Debone Weldetron Department.

6).     On March 1 2019 plaintiff was performing the duties of her position as a Lead Worker for the defendant Sanderson Farms in the Debone Weldetron Department.

7).     Plaintiff was responsible for ensuring that the automated chicken packing and shrink-wrapping machine, the OSSID-15 machine, was working properly. As a team lead in the Debone department, her job included putting film in the machine, loading trays, doing basic changeovers, unclogging the machine when the film became clogged, pulling and stacking trays as necessary, and overall ensuring that the department ran smoothly.

8).     Plaintiff was doing a changeover to switched over to a different film in the OSSID. As she was doing the changeover, the shrink wrap film got clogged in the machine. As she attempted to unclog the machine, plaintiff's left middle finger got cut by the cutter on the machine.

9).     Plaintiff immediately reported this work injury to the nurse's station.

10).     Plaintiff was taken to the emergency room that same day. Plaintiff was diagnosed with a left middle finger laceration and fracture and contusions to the left index finger. Plaintiff was given medication and work restrictions.

1

11).     On March 1 2019 the employer completed a "First report of Injury- Form 19," which is a from required by the North Carolina Industrial Commission in all claims that are subject to the workers compensation laws of the State of North Carolina.

12).     On March 1 2019 plaintiff signed an injured employee statement. She stated that "I was changing the film on OSSID-15 and I went to lift the lid and my left hand went under the cutter."

13).     Plaintiff was taken out of work by the emergency room physician.

14).     When plaintiff returned from the emergency room, she advised the employer that she had been given prescription medication, that she had paid for the medication, and requested to submit the receipts for reimbursement as a worker's compensation claim.

15).     On March 1 2019 plaintiff asserted her right to receive compensation under the Workers Compensation Act. Plaintiff asserted her rights under the workers compensation Act because of this injury by filing a worker's compensation claim and requesting the benefits associated with the filing of a worker's compensation claim.

16).     On March 4 2019, the workers compensation carrier sent plaintiff to see Dr. Okonkwo for further evaluation. Dr. Okonkwo confirmed the emergency room diagnosis and he further ordered plaintiff out of work until she could be seen by an orthopedic surgeon.

17).     Plaintiff was terminated from employment on March 6 2019.

18).     On March 6 2019, Ashley Hand, the human resources manager, notified plaintiff that she had been terminated from her employment with the defendant Sanderson Farms.

19).     The defendant Sanderson Farms terminated the plaintiff in retaliation for plaintiff getting hurt at work, for plaintiff reporting the workplace injury, and for plaintiff asserting her rights under the workers compensation act to receive compensation and benefits as a result of the March 1 2019 workplace injury.

## FIRST CLAIM FOR RELIEF
PUBLIC POLICY
WRONGFUL DISCHARGE FOR ASSERTING RIGHTS
UNDER THE WORKERS COMPENSATION ACT

20).     Plaintiff incorporates paragraphs 1 through 19 as if fully set out herein.

21).     The termination of the plaintiff contravenes and violates the public policy of the state of North Carolina that all employees are to be free from termination in retaliation for reporting a work injury and for pursuing their rights under the workers compensation laws of the State of North Carolina.

22).     Both the Workers' Compensation Act and the Retaliatory Employment Discrimination Act (REDA) are sources of policy establishing an employee's legally protected right of pursuing a workers' compensation claim. The public policy of the state is

2

to prevent employer retaliation from having a chilling effect upon an employee's exercise of his or her statutory rights under the Workers' Compensation Act.

23). The defendant Sanderson Farms' action of terminating plaintiff because she got hurt at work and asserted her rights to receive workers compensation benefits, has a chilling effect on the willingness of plaintiff and other employees to be willing to notify the employer of workplace injuries and to pursue their workers compensation rights when they are injured at work.

24). As a direct result of the defendant Sanderson Farms' conduct as alleged herein, the plaintiff Williams has sustained damages, including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; loss of life insurance benefits, loss of health insurance benefits, mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice..

25). The actions of the defendant Sanderson Farms in terminating the plaintiff and violating the public policy as set out above were willful, wanton, and malicious and therefore entitles plaintiff to recover punitive damages. The officers, directors, or managers of the corporation participated in or condoned the willful, wanton and malicious conduct, giving rise to punitive damages.

## SECOND CLAIM FOR RELIEF
### PUBLIC POLICY
### OCCUPATIONAL SAFETY AND HEALTH ACT OF NORTH CAROLINA

26). Plaintiff incorporates paragraphs 1 through 19 as if fully set out herein.

27). The Occupational Safety and Health Act of North Carolina is a source of the expression of the public policy of the state of North Carolina that employers not retaliate against an employee for getting hurt at work and or reporting a workplace injury. The act states, that:

> 95-126 (b)(2) The General Assembly of North Carolina declares it to be its purpose and policy through the exercise of its powers to ensure so far as possible every working man and woman in the State of North Carolina safe and healthful working conditions and to preserve our human resources.

> 95-126 (b)(2)b By providing that employers and employees have separate but dependent responsibilities and rights with respect to achieving safe and healthful working conditions;

> 95-126 (b)(2)h By providing for appropriate reporting procedures with respect to occupational safety and health which procedures will help achieve the objectives of this Article and accurately describe the nature of the occupational safety and

3

95-143 (b) ... The Commissioner shall prescribe regulations requiring employers to maintain accurate records of, and to make reports at least annually on, work-related deaths, injuries and illnesses other than minor injuries requiring only first-aid treatment and which do not involve medical treatment, loss of consciousness, restriction of work or motion, or transfer to another job.

28). The defendant Sanderson Farms' termination of the plaintiff violates the public policy of the state in that it acts as a chilling effect on the employee's willingness to report workplace injuries out of fear of being terminated from employment for reporting the injury.

29). The public policy of providing safe and healthful working conditions cannot be accomplished without an employee's willingness to freely and accurately report workplace injuries.

30). This chilling effect of retaliating against and terminating an employee because the employee reported a workplace injury violates the public policy of the state, as expressed in the Occupational Safety and Health Act, to provide safe and healthful working conditions for the citizens of this state.

31). As a direct result of the defendant Sanderson Farms' conduct as alleged herein, the plaintiff Williams has sustained damages, including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; loss of life insurance benefits, loss of health insurance benefits, mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice..

32). The actions of the defendant Sanderson Farms in terminating the plaintiff and violating the public policy as set out above were willful, wanton, and malicious and therefore entitles plaintiff to recover punitive damages. The officers, directors, or managers of the corporation participated in or condoned the willful, wanton and malicious conduct, giving rise to punitive damages.

## THIRD CLAIM FOR RELIEF
### TORTIOUS INTERFERENCE WITH CONTRACT

33). Plaintiff incorporates paragraphs 1 through 32 as if fully set out herein.

34). Plaintiff was employed by the defendant Sanderson Farms and therefore a valid contract between the plaintiff and defendant Sanderson Farms existed which conferred upon the plaintiff a contractual right against the defendant Sanderson Farms.

35). Defendant Ashley Hand was the human resources manager at the Kinston location. She knew of the plaintiff's employment with the defendant Sanderson Farms.

36). The defendant Hand intentionally caused the defendant Sanderson Farms to not perform under the terms of plaintiff's employment with the defendant Sanderson Farms, and in doing so, defendant Hand acted without justification.

4

37).    Defendant Hand's actions resulted in actual damage to the plaintiff.

38).    The defendant Hand acted out of personal hostility and ill-will toward the plaintiff.

39).    The defendant Hand acted out of malice toward plaintiff.

40).    The defendant Hand acted without legal justification.

41).    The defendant Hand used a falsely contrived reason and surreptitious means to terminate plaintiff out of malice toward plaintiff because she got hurt at work, reported a work injury, and because she exercised her right to seek and recover workers compensation benefits.

42).    Defendant Hand acted with the specific intent to cause the termination of plaintiff's employment with the defendant Sanderson Farms, without any legal justification for her action.

43).    The actions of the defendant Hand were willful, wanton, and malicious and therefore entitles plaintiff to recover punitive damages.

44).    As a direct result of the defendant Hand's conduct as alleged herein, the plaintiff has sustained damages, including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; loss of life insurance benefits, loss of health insurance benefits, mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

## JURY DEMAND

45).    Plaintiff demands trial by jury.

**WHEREFORE**, Plaintiff prays that the Court grant the following:

1). A trial by jury;

2). Compensatory and punitive damages incurred or to be incurred in excess of twenty-five thousand dollars ($25,000.00); and

3). Such other and further relief that the Court deems appropriate.


This the 4th day of December 2019.


5

Ralph T. Bryant, Jr.
Attorney at Law
(N.C. State Bar No. 18119)
*Physical Address*:
  313 Clifton St.
  Greenville, N.C. 27858
*Mailing Address*:
  P.O. Box 723
  Newport, North Carolina 28570
Phone (252) 626-3267
Fax    (252) 294-1624
attorneyralphbryantjr@gmail.com
www.attorneyralphbryantjr.com

6